UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP W. MOORE,

    Petitioner,

v.                                          Case No.:  3:14cv484/MCR/EMT

JULIE L. JONES,

    Respondent.
_____/

**O R D E R**

    This case is before the Court on the Chief Magistrate Judge's Report and Recommendation dated August 31, 2015.  ECF No. 26.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The undersigned has made a de novo determination of the timely filed objections, ECF No. 29.

    Petitioner argues that he is entitled to an evidentiary hearing on his claim of equitable tolling.  The Court disagrees.  For an evidentiary hearing on this type of claim, Petitioner must allege facts showing that he was effectively abandoned by his attorney, *see Maples v. Thomas*, 132 S. Ct. 912 (2012); *Holland v. Florida*, 130 S. Ct.

2549 (2010), or facts showing that his attorney engaged in "bad faith, dishonesty, divided loyalty," or suffered a mental impairment, which may in certain extraordinary circumstances "form the basis of an equitable tolling argument," *Thomas v. Att'y Gen. Fla.*, 795 F.3d 1286, 1293-94 (11th Cir. 2015). No such circumstances have been alleged in this case.

Petitioner has alleged only that he "consistently requested" his attorney to file a timely postconviction Rule 3.850 motion to preserve his federal habeas rights but that his attorney failed to do so. The record shows that Plaintiff's former attorney filed and prosecuted a state court postconviction relief action on his behalf but not until after the time for filing a timely federal habeas petition had expired. Thus, there is no evidence that the attorney abandoned him, and instead, only a suggestion that he "failed" to file the Rule 3.850 motion in time to toll the habeas limit, unaccompanied by an affidavit from either Petitioner or his former attorney explaining any reason. "Negligence, however gross, is not the same as abandonment," *Cadet v. Fla. Dep't Corr.*, 742 F.3d 473 (11th Cir. 2014), and the proper inquiry is whether the attorney's conduct suggests that the Petitioner has been effectively abandoned by his attorney such that he should not be held responsible for the attorney's error. *See Thomas*, 795 F.3d at 1294. The Court agrees with the Chief Magistrate Judge that the allegations in this instance do not show, or even suggest,

that Petitioner was effectively abandoned by his former counsel, and thus, no evidentiary hearing is warranted.

Having considered the Report and Recommendation, and the timely filed objections, the Court determines that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1. The Chief Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Respondent's motion to dismiss, ECF No. 16, is **GRANTED**.

3. The habeas petition, ECF No. 1, is **DISMISSED** with prejudice as untimely.

4. A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 17th day of March 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**